**LEVI & KORSINKSY, LLP**
Adam M. Apton
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Walter Alomar and*
*Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH HAUSER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ORGANON & CO., KEVIN ALI, and MATTHEW WALSH,<br><br>Defendants. | Case No. 2:25-cv-05322-JXN-CLW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF WALTER ALOMAR'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>**MOTION DATE: August 18, 2025** |

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF FACTS.......................................................................................2

III.    ARGUMENT............................................................................................................4

    A. The PSLRA Standard for Appointing Lead Plaintiff......................................4

    B. Movant is the "Most Adequate Plaintiff" under the Exchange Act ................5

       1.  Movant is Willing to Serve as Class Representative .................................6

       2.  Movant has the Largest Financial Interest in the Relief Sought by the Class.............................................................................................................7

    C. Movant is Qualified Under Rule 23 ................................................................8

       1.  Movant's Claims are Typical of the Claims of the Class.........................10

       2.  Movant Will Fairly and Adequately Represent the Class' Interests........10

    D. Approving Movant's Choice of Counsel is Appropriate...............................12

IV.     CONCLUSION......................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ................................................................................7, 9

*Lax v. First Merch. Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ...............................7

*In re Merck & Co., Inc. Securities*,
  No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511 (D.N.J. Jan. 20, 2013) ............10

*In re Nice Sys. Sec. Litig.*,
  188 F.R.D. 206 (D.N.J. 1999)...............................................................................7

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................7

*In re Opnext, Inc.*,
  No. 08cv-0920, 2008 U.S. Dist. LEXIS 60678 (D.N.J. Aug. 6, 2008)............7, 9

*In re PharmaPrint, Inc. Sec. Litig.*,
  No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845 (D.N.J. April 17, 2002) ........10

*Sklar v. Amarin Corp. PLC*,
  Civil Action No. 13-cv-06663 (FLW)(TJB), 2014 WL 3748248 (D.N.J. July
  29, 2014) .............................................................................................................7, 9

*Villare v. Abiomed, Inc.*,
  19 Civ. 7319 (ER), et al., 2020 U.S. Dist. LEXIS 114684 (S.D.N.Y. June 29,
  2020) ......................................................................................................................6

**Statutes**

15 U.S.C. § 78u-4.............................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23(a).....................................................................................8, 10

iii

Walter Alomar ("Movant"), by counsel, respectfully submits this Memorandum of Law pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for entry of an order: (i) appointing Movant as Lead Plaintiff in the above-captioned action (the "Action"); (ii) approving Movant's selection of the law firm of Levi & Korsinksy, LLP ("L&K") to serve as Lead Counsel under 15 U.S.C. § 78u-4(a)(3)(B)(v); and (iii) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

The Action is brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, on behalf of all investors who purchased or otherwise acquired Organon & Co. ("Organon" or the "Company") securities between October 31, 2024 to April 30, 2025, inclusive (the "Class Period") against: Organon, Kevin Ali ("Ali"), and Matthew Walsh ("Walsh") (collectively, "Defendants").

Pursuant to the PSLRA, this Court must appoint the member of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Movant believes he is entitled to appointment as Lead Plaintiff as the movant with the largest financial interest that

otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure. During the Class Period, Movant sustained approximately $67,265.68 in losses as a result of purchasing Organon securities at artificially inflated prices.[1] Movant also respectfully requests that the Court approve L&K as Lead Counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II.   STATEMENT OF FACTS[2]

Organon is a global healthcare company with a primary focus on improving the health of women throughout their lives. ¶ 18. The Company develops and delivers health solutions through a portfolio of prescription therapies and medical devices within women's health, biosimilars and established brands. *Id.* Organon operates six manufacturing facilities, which are located in Belgium, Brazil, Indonesia, Mexico, the Netherlands and the United Kingdom. *Id.*

---

[1] *See* Declaration of Adam M. Apton in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated July 22, 2025 ("Apton Decl."), Ex. A (Movant's PSLRA certification); Ex. B (Movant's loss charts).

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Hauser* Complaint") filed in the action styled *Hauser v. Organon & Co., et. al.,* Case No. 2:25-cv-05322-JXN-CLW (the "*Hauser* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Hauser* Complaint. The facts set forth in the *Hauser* Complaint are incorporated herein by reference.

The statements in Paragraphs 19 to 22 of the *Hauser* Complaint were false and/or materially misleading. ¶ 23. Defendants concealed material information pertaining to Organon's capital allocation priorities, particularly the future of the quarterly dividend payout. *Id.* In truth, Organon's optimistic reports of the dividend payout as the Company's "number one priority," were offset by Organon's newly implemented debt reduction strategy, thus, leading to a drastic decrease – over 70% – of the quarterly dividend. *Id.* The Defendants' lofty statements that capital allocation through deployment of a quarterly dividend was a priority fell short of the truth; in reality, Organon planned to prioritize debt reduction following the Company's acquisition of Dermavant. *Id.*

On May 1, 2025, Organon published a press release detailing first quarter 2025 results and announced that management reset the Company's dividend payout, from $0.28 to $0.02. ¶ 24. As part of the press release, CEO Ali issued a statement regarding the dividend. *Id.*

Organon held an earnings call shortly after posting the results. During the call, Defendants issued statements regarding the dividend shift. ¶ 25.

The aforementioned press releases and statements made by the Individual Defendants contradicted their earlier statements, including those made during the October 31, 2024, and February 13, 2025, earnings calls. ¶ 28. During those calls, the Defendants assured investors that the regular quarterly dividend was a number

3

one priority and that the Company was committed to its capital allocation strategy through the aforementioned dividend. *Id.* Further, Defendants continually highlighted the Company's prioritization of capital allocation by means of the quarterly dividends, while touting Organon's acquisition of Dermavant and its key asset, VTAMA, minimizing any risks associated with the Company's capital allocation strategy. *Id.*

Investors and analysts again reacted promptly to Organon's revelations. ¶ 29. The price of Organon's common stock declined dramatically. *Id.* From a closing market price of $12.93 per share on April 30, 2025, Organon's stock price fell to $9.45 per share on May 1, 2025, a decline of more than 27% in the span of just a single day. *Id.*

## III.    ARGUMENT

### A.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see* 15 U.S.C. § 78u-4(3)(B). Specifically, within 20 days after the date on which a class action is filed, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

(I)     of the pendency of the action, the claims asserted therein, and the purported class period; and

(II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice within 90 days after the date of publication of the notice. 15 U.S.C. § 78u-4(a)(3)(B). Under the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

(aa)    has either filed the complaint or made a motion in response to a notice . . .;

(bb)    in the determination of the court, has the largest financial interest in the relief  sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**B.      Movant is the "Most Adequate Plaintiff" under the Exchange Act**

Movant respectfully submits that he is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, has the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements. Further, Movant has selected and retained counsel experienced in the prosecution of

5

securities class actions to represent the proposed class. *See* Apton Decl., Ex. E (Firm Resumé of L&K). Accordingly, Movant satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and, therefore, should be appointed Lead Plaintiff.

### 1.    Movant is Willing to Serve as Class Representative

On May 23, 2025, counsel acting on Plaintiff's behalf, Levi & Korsinsky, caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Defendants and which advised putative class members that they have until July 22, 2025 to file a motion to seek appointment as a Lead Plaintiff in the Action.[3] Movant has reviewed the complaint filed in the pending Action and has timely filed this motion pursuant to the Notice.[4]

---

[3] The Action was filed in this Court on May 23, 2025. That same day, the Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. C.

[4] On July 8, 2025, a second complaint was filed against Organon in the action styled *Lerner v. Organon & Co., et. al.*, Case No. 2:25-cv-12983-JXN-CLW (the "*Lerner* Action"). The complaint in the *Lerner* Action alleges a class period expanding two years prior to the acquisition of Dermavant. Movant presently does not know if anyone will file a lead plaintiff motion using this expanded class period. To the extent they do, Movant intends to object. *See Villare v. Abiomed, Inc.*, 19 Civ. 7319 (ER), et al., 2020 U.S. Dist. LEXIS 114684, at *11-13 (S.D.N.Y. June 29, 2020). Notwithstanding the foregoing and without waiving any arguments, Exhibit F attached to the Declaration of Adam M. Apton filed herewith contains Movant's transaction history for the expanded portion of the Class Period which results in an overall loss of approximately $66,910.

### 2. Movant has the Largest Financial Interest in the Relief Sought by the Class

Under the Exchange Act, a rebuttable presumption exists whereby the movant with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Sklar v. Amarin Corp. PLC*, Civil Action No. 13-cv-06663 (FLW)(TJB), 2014 WL 3748248, at *4 (D.N.J. July 29, 2014); *see also In re Opnext, Inc.*, No. 08cv-0920, 2008 U.S. Dist. LEXIS 60678 (D.N.J. Aug. 6, 2008). In determining the "largest financial interest" for purposes of lead plaintiff appointment, courts in the Third Circuit consider: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiff during the class period; and (3) the approximate losses suffered by the plaintiff. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("[W]e agree with the many district courts that have held that courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiff during the class period; and (3) the approximate losses suffered by the plaintiff (citing *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); In re Nice Sys. Sec. Litig., 188 F.R.D. 206, 217 (D.N.J. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (same)"); *see also Sklar*, 2014 WL 3748248, at *4.

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the greater of the price they sold the shares or the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant sustained losses in the amount of approximately $67,265.68 as a result of purchasing Organon securities at artificially inflated prices. *See* Apton Decl., Ex. B. Movant is not aware of any other movant with a larger financial interest and believes he has the largest financial interest of any lead plaintiff movant. Therefore, Movant is presumptively entitled to appointment as the Lead Plaintiff.

### C.    Movant is Qualified Under Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

1)    the class is so numerous that joinder of all members is impracticable;

2)      there are questions of law or fact common to the class;

3)      the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4)      the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

For purposes of appointing lead plaintiff, the determination of whether the movants with the largest interest in the case otherwise satisfies Rule 23 "should be confined to determining whether the movant has made prima facie showing of typicality and adequacy." *Sklar*, 2014 WL 3748248, at \*5 (citing *In re Cendant Corp. Litig.*, 264 F.3d at 262). The presumption that the movant with the largest financial interest is the most adequate plaintiff to lead the action may be rebutted only upon proof that the movant (1) will not fairly and adequately protect the interests of the class, or (2) are subject to unique defenses that render such movant incapable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II), *In re Opnext, Inc.*, 2008 U.S. Dist. LEXIS 60678, at \*7- 10; *see also Sklar*, 2014 WL 3748248, at \*4.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit

9

its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff in this Action.

### 1.    Movant's Claims are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, and (2) the claims are based on the same legal theory. *See In re Merck & Co., Inc. Securities*, No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511, at *39-40 (D.N.J. Jan. 20, 2013), *In re PharmaPrint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845, at *16 (D.N.J. April 17, 2002).

The claims asserted by Movant are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. Movant purchased Organon securities, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and was damaged thereby. Thus, Movant satisfies the typicality requirement of Rule 23(a).

### 2.    Movant Will Fairly and Adequately Represent the Class' Interests

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). A movant can demonstrate adequacy by showing that "(a)

10

the [movant's] attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the [movant] must not have interests antagonistic to those of the class." *In re PharmaPrint, Inc. Sec. Litig.*, 2002 U.S. Dist. LEXIS 19845, at *16-17. Here, Movant's interests are clearly aligned with the members of the proposed class. Not only is there no evidence of any antagonism between Movant's interests and those of the class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. As detailed above, Movant's claims raise similar questions of law and fact as claims of the members of the class, and Movant's claims are typical of the members of the class. Further, Movant has demonstrated his adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff, as reflected in the Movant's signed certification. *See* Apton Decl., Ex. A. Having suffered substantial losses, Movant will be a zealous advocate on behalf of the class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for five years. He resides in San Juan, Puerto Rico, and possesses a JD, LLM and MBA. Movant is currently employed as the CEO of DBPR Legal LLC ("DBPR"). DBPR is a corporate law firm in Puerto Rico. He

11

is also a professor at the University of Puerto Rico ("UPR"). Further, Movant has experience hiring and overseeing attorneys as he was the former Chairman of the Board of Governors of UPR from 2017-2020. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

In addition, Movant has selected L&K– counsel highly experienced in prosecuting securities class actions – to represent him. *See* Apton Decl., Ex. E. Thus, the close alignment of interests between Movant and other class members, and Movant's strong desire to prosecute the Action on behalf of the class, provide ample reason to grant Movant's motion for appointment as Lead Plaintiff.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

### D.    Approving Movant's Choice of Counsel is Appropriate

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Movant has retained L&K to file moving papers on his behalf seeking appointment as Lead Plaintiff, and to serve as Lead Counsel to pursue this litigation on behalf of Movant

12

and the Class. L&K attorneys have extensive experience in the area of securities litigation and have successfully prosecuted numerous securities class actions on behalf of injured investors, both separately, and together. *See* Apton Decl., Ex. E.

## IV.    CONCLUSION

Movant has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Movant respectfully requests that the Court appoint him as Lead Plaintiff, approve his selection of counsel, and grant such other relief as the Court may deem just and proper.

Dated: July 22, 2025                  Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Walter Alomar and*
*Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby certify that on July 22, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

/s/Adam M. Apton
Adam M. Apton

14