**LAW OFFICES OF JAN MEYER & ASSOCIATES, P.C.**
Jan Meyer, Esq.
Jordan Gottheim, Esq.
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
Telephone: 201-862-9500
Email: jmeyer@janmeyerlaw.com
      jgottheim@janmeyerlaw.com

*Proposed Liaison Counsel for the Proposed Class*

(*Additional Counsel on signature page*)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH HAUSER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ORGANON & CO., KEVIN ALI, and MATTHEW WALSH, <br><br> Defendants. | Case 2:25-cv-05322-JXN-CLW <br><br> <u>CLASS ACTION</u> <br><br> **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THOMAS JANIKIAN FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** <br><br> Motion Date: August 26, 2025 |
| BARRY J. LERNER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ORGANON & CO., KEVIN ALI, MATTHEW WALSH, and JUAN CAMILO ARJONA FERREIRA, <br><br> Defendants. | Case 2:25-cv-12983-JXN-CLW <br><br> <u>CLASS ACTION</u> |

Thomas Janikian ("Janikian") respectfully submits this memorandum of law in support of his motion for: (a) consolidation of the above-captioned related actions; (b) appointment as Lead Plaintiff for the proposed class, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act ("PSLRA"); and (c) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and the Law Offices of Jan Meyer & Associates, P.C. ("Meyer") as Liaison Counsel for the proposed class.

## PRELIMINARY STATEMENT

Presently pending in this district are the two above-captioned securities class action (the "Actions"). The Actions are brought on behalf of all persons or entities (the "Class") who purchased or otherwise acquired Organon & Co. ("Organon" or the "Company") securities between November 3, 2022 and April 30, 2025, inclusive (the "Class Period"). Both Plaintiffs (on behalf of themselves and others similarly situated) allege violations of the Exchange Act by Defendants.[1]

Because the Actions allege substantially related claims, the Court should consolidate the Actions.

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest

---

[1] The *Hauser* complaint alleged a class period of October 31, 2024 and April 30, 2025, inclusive. *Hauser* Cmplt. ¶1. The *Lerner* complaint alleged a class period of November 3, 2022 through April 30, 2025, inclusive. *Lerner* Cmplt. ¶1. On motions for lead plaintiff, courts utilize the longest class period to determine financial interest. *See, e.g., Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-05368-LHK, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("[f]or purposes of appointing a lead plaintiff, the longest class period governs").

in the litigation and has made a *prima facie* showing that he or she is typical and an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Janikian satisfies these requirements and should be appointed as Lead Plaintiff.  Janikian lost $33,081 on his transactions in Organon securities. Janikian is 65 years old, lives in Racine, Wisconsin, has been investing for 45 years, and is self-employed as a Medicare sales representative.  Janikian believes that his loss constitutes the largest financial interest in the Actions and that his substantial financial interest will ensure his vigorous prosecution of the Class's claims. Janikian also satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Additionally, Janikian has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, for the reasons discussed below, Janikian respectfully requests that the Court grant his motion to consolidate the related actions, appoint him as Lead Plaintiff, and approve his selection of Bernstein Liebhard as Lead Counsel and Meyer as Liaison Counsel.

## SUMMARY OF THE COMPLAINTS

Organon develops and delivers healthcare solutions through prescription therapies and medical devices. The Company's operations include contraception drugs. One of Organon's contraception drugs is Nexplanon.

Plaintiffs allege that Defendants made misleading statements about Nexplanon throughout the Class Period. Specifically, Plaintiffs allege that Defendants failed to disclose that: (i) Organon faced a higher risk of loss of exclusivity and price erosion as to Nexplanon than implied by its Class Period statements; (ii) as a result, Organon's long-term Nexplanon sales growth was not as strong as Defendants claimed during the Class Period, and would not reach $1 billion by the end of fiscal year 2025 (much less upwards of $1.5 billion after that), and Organon was likely not on

track to achieve the $1 billion milestone payment from Merck & Co. on its Nexplanon sales thereafter; (iii) thus, Organon was not on track to achieve, much less maintain, the $1 billion in free cash flow required to sustain its outsized dividend; (iv) consequently, Organon was also not on track to maintain 4.0x debt leverage; and (v) as such, Organon might not be able to maintain its corporate debt ratings at their then-current Class Period levels.

On May 1, 2025, in connection with announcing its first quarter 2025 financial results for the interim period ended March 31, 2025, Organon slashed its dividend by 90%, down from $0.28 per share per quarter ($1.16 per share annually) to just $0.02 per share per quarter (or $0.08 per share annually).  According to a quote attributed to Organon's CEO, defendant Kevin Ali, in the press release Organon issued that day, the Company had "reset [its] capital allocation priorities to accelerate progress towards deleveraging, enabling a path to achieve a net leverage ratio of below 4.0x by year-end," emphasizing that Organon's "primary capital allocation priority" was now "maintaining lower leverage."  On this news, the price of Organon stock fell more than 27%.

## ARGUMENT

### I.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication.  *See* Fed. R. Civ. P. 42(a); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) ("Consolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate").

Each of the Actions presents similar factual and legal issues, as they both involve the same subject matter, overlapping Defendants, and present the same legal issues. Each action alleges violations of the Exchange Act.  Each presents the same or similar theories for recovery and is based on the same allegedly wrongful course of conduct.  Because the Actions arise from the same

3

facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

## II.    THE COURT SHOULD APPOINT JANIKIAN AS LEAD PLAINTIFF

### A.    The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)    has either filed the complaint or made a motion in response to an Early Notice;

ii)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Janikian meets the foregoing criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### B.    Janikian Is the Most Adequate Plaintiff

Janikian respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, believes he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.    Janikian's Motion is Timely

On May 23, 2025, the Early Notice was published. *See* Declaration of Jordan E. Gottheim, Esq. ("Gottheim Decl."), Ex. A. Thus, putative class members had until July 22, 2025 to file their Lead Plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Janikian has timely filed this motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of one of the complaints in the Actions and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Gottheim Decl., Ex. B. Accordingly, Janikian satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.    Janikian Believes He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Janikian has suffered losses of approximately $33,081 in connection with his purchases of Organon securities. *See* Gottheim Decl., Ex. C. Janikian is not aware of any other movants that have suffered greater losses in Organon securities during the Class Period. Accordingly, Janikian believes he has the largest financial interest in this litigation.

### 3.    Janikian Meets the Requirements of Fed. R. Civ. P. 23

"[I]n appointing a lead plaintiff[,] a district court…should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Janikian satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the only Rule 23 provisions relevant to a determination of Lead Plaintiff under the PSLRA. *Id.*

### 1.    Janikian's Claims Are Typical of Those of the Class

"[I]n inquiring whether the movant has preliminarily satisfied the typicality requirement, [courts] should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based.'" *In re Cendant Corp. Litig.*, 264 F.3d at 265. Janikian's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named Defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.* Here, the questions of law and fact common to the members of the Class and which may

6

affect individual Class members include whether Defendants violated the federal securities laws; and whether the members of the Class sustained damages and, if so, what is the proper measure of damages. These questions apply equally to Janikian as to all members of the Class and, thus, the typicality requirement is satisfied.

### 2. Janikian Will Adequately Protect the Class's Interests

"In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's and the class'] claims." *In re Cendant Corp. Litig.*, 264 F.3d at 265. Janikian is an adequate Lead Plaintiff. Janikian and Class members have the same interest: to maximize the recovery. Because of Janikian's financial stake in the litigation, and his over 45 years of investing experience, Janikian has the incentive and ability to vigorously prosecute the claims. Janikian has also demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel. As discussed below, Bernstein Liebhard is highly qualified in securities class actions.

## III. THE COURT SHOULD APPROVE JANIKIAN'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Gottheim Decl. Ex. D (Firm Résumé of Bernstein Liebhard). Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA and has frequently appeared in major actions before this and other courts throughout the country. In this District, Bernstein Liebhard recently settled *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240 (D.N.J.) for $7 million. Some of the firm's most recent Lead Counsel

7

appointments include *Wentz v. Moderna, Inc.*, Case No. 1:24-cv-12058-IT (D. Mass.); *Indiana Public Retirement System v. Rivian Automotive, Inc.*, Case No. 2:24cv04556 (C.D. Cal.); *Zerbato v. AlloVir, Inc.*, Case No. 1:24cv10152 (D. Mass.); *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *In re Origin Materials, Inc. Securities Litigtion*, Case No. 2:23-cv-01816 (E.D. Cal.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.); *Saye v. NIO Inc. et al.*, Case No. 1:22cv07252 (S.D.N.Y.); *In re IronNet, Inc. Securities Litigation*, No. 1:22-cv-00449 (E.D. Va.); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (C.D. Cal.); *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042 (E.D.N.Y.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770 (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. Bernstein Liebhard was also listed for fifteen consecutive years in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09-cv-0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-cv-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-cv-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-cv-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

8

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-cv-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-cv-01203-VEC (S.D.N.Y. 2015) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein, Esq. served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Likewise, the Law Offices of Jan Meyer & Associates is well-suited to serve the Class as local counsel. *See* https://www.janmeyerlaw.net/#practice-areas/civil litigation.

## CONCLUSION

For the foregoing reasons, Janikian respectfully requests that this Court: (1) appoint him as Lead Plaintiff; and (2) approve his selection of Bernstein Liebhard as Lead Counsel and the Law Offices of Jan Meyer & Associates, P.C. as Liaison Counsel for the proposed Class.

9

Dated: July 22, 2025

Respectfully submitted,

*/s/ Jordan Gottheim*
**LAW OFFICES OF JAN MEYER & ASSOCIATES, P.C.**
Jan Meyer, Esq.
Jordan Gottheim, Esq.
1029 Teaneck Road
Second Floor
Teaneck, New Jersey 07666
Telephone: 201-862-9500
Email: jmeyer@janmeyerlaw.com
        jgottheim@janmeyerlaw.com

*Liaison Counsel for Janikian and Proposed*
*Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
        seidman@bernlieb.com

*Counsel for Janikian and Proposed Lead*
*Counsel for the Proposed Class*

10

**CERTIFICATE OF SERVICE**

I, Jordan Gottheim, hereby certify that on July 22, 2025, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: July 22, 2025                                    */s/ Jordan Gottheim*
                                                        Jordan Gottheim