Christopher A. Seeger
Stephen A. Weiss
Justin M. Smigelsky
**SEEGER WEISS LLP**
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  973/639-9100

*Liaison Counsel*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| JOSEPH HAUSER, Individually and on Behalf of All Others Similarly Situated, ) | No. 2:25-cv-05322-JXN-CLW |
| ) | |
| Plaintiff, ) | CLASS ACTION |
| ) | |
| vs. ) | |
| ) | |
| ORGANON & CO., et al., ) | |
| ) | |
| Defendants. ) | |
| BARRY J. LERNER, Individually and on Behalf of All Others Similarly Situated, ) | No. 2:25-cv-12983-JXN-CLW |
| ) | |
| Plaintiff, ) | CLASS ACTION |
| ) | |
| vs. ) | |
| ) | |
| ORGANON & CO., et al., ) | |
| ) | |
| Defendants. ) | |

TEAMSTERS 710'S RESPONSE IN FURTHER SUPPORT OF LEAD
PLAINTIFF MOTION
MOTION DAY:    AUGUST 18, 2025

4921-7981-3721.v1

## I.   INTRODUCTION

Six motions were filed seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this action by: (1) Teamsters Local 710 Pension Fund ("Teamsters 710"); (2) Nova Scotia Health Employees' Pension Plan; (3) Operating Engineers Construction Industry and Miscellaneous Pension Fund; (4) Michigan Regional Council of Carpenters Annuity Fund; (5) Walter Alomar; and (6) Thomas Janikian. *See* ECF 14, 15, 16, 19, 20, 21.[1]

Based on information contained in the movants' motions, Teamsters 710 is clearly the "most adequate plaintiff" within the meaning of the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Indeed, Teamsters 710's loss of nearly $1.4 million is more than 50% larger than the loss claimed by the lead plaintiff movant claiming the next largest loss, and Teamsters 710 otherwise meets the Rule 23 typicality and adequacy requirements. Moreover, there is, and will be, no "proof" that Teamsters 710 is inadequate or subject to unique defenses. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Further, recognizing their smaller losses, on July 25, 2025, Mr. Alomar filed a notice to withdraw his lead plaintiff motion and Mr. Janikian filed a notice of non-opposition, and on August 4, 2025, Michigan Regional Council of Carpenters Annuity

---

[1]   All movants (except Mr. Alomar who withdrew his motion) agree the above-captioned related securities class actions should be consolidated.

- 1 -

Fund filed a notice of non-opposition.  *See* ECF 22, 23, 27.  Accordingly, Teamsters 710's motion should be granted.

## II.    ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who "otherwise satisfies the requirements of Rule 23."  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005).  With regard to determining the plaintiff with the "largest financial interest" the Third Circuit has held that district "courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Cendant*, 264 F.3d at 262.  Here, there can be no dispute that Teamsters 710 possesses the "largest financial interest" in this litigation:

| Movant | Approximate Loss | Shares Purchased | Net Funds Expended |
|---|---|---|---|
| **Teamsters 710** | **$1,397,111** | **149,148** | **$2,737,322** |
| Nova Scotia Health Employees' Pension Plan | $903,843 | 101,600 | $1,864,702 |
| Operating Engineers Construction Industry and Miscellaneous Pension Fund | $252,467 | 25,109 | $425,724 |
| Michigan Regional Council of Carpenters Annuity Fund (filed notice of non-opposition) | $191,974 | 29,400 | $470,162 |

| | | | |
|---|---|---|---|
| Walter Alomar (filed a notice of withdrawal) | $67,265 | 18,900 | $246,130 |
| Thomas Janikian (filed a notice of non-opposition) | $33,081 | 5,642 | $73,281 |

Because Teamsters 710 possesses the greatest financial interest, the next question is whether it "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage, the Rule 23 determination is limited to typicality and adequacy.  *Cendant*, 264 F.3d at 263.  There is no question that Teamsters 710 is typical of and adequate to represent the putative class here.  *See* ECF 14-1 at 7-9.

Indeed, Teamsters 710 seeks to represent the same putative class and allege the same claims as the initial plaintiff.  Teamsters 710 has demonstrated that it purchased Organon securities during the Class Period, as did the other class members, which subsequently lost significant value as a result of defendants' alleged wrongdoing.  Teamsters 710 is not subject to any unique defenses that defendants might assert against it to which other class members would not also be subject.  Moreover, as an institutional investor, Teamsters 710 is the paradigmatic lead plaintiff Congress contemplated when it enacted the PSLRA.  *See Cendant*, 264 F.3d at 264 ("Both the Conference Committee Report and the Senate Report state that the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

- 3 -

The presumptive lead plaintiff, in this case Teamsters 710, must be appointed unless it is proven that it will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original) (citation omitted). Here, there is no dispute that Teamsters 710 meets the adequacy and typicality requirements. Teamsters 710 has also selected counsel that are highly experienced in securities litigation. *See* ECF 14-1 at 9-13. Consequently, the "most adequate plaintiff" presumption that lies in Teamsters 710's favor cannot be rebutted.

Because the competing movants cannot trigger the most adequate plaintiff presumption, the competing motions should be denied.

## III.    CONCLUSION

The competing lead plaintiff movants have a substantially smaller financial interest than Teamsters 710 and cannot rebut the presumption in favor of appointing Teamsters 710 as lead plaintiff in this case. As such, the competing motions should be denied. By contrast, Teamsters 710 not only suffered the greatest loss, it also satisfies the Rule 23 typicality and adequacy prerequisites. Accordingly, Teamsters 710's motion should be granted.

4921-7981-3721.v1

DATED:  August 4, 2025        Respectfully submitted,

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
STEPHEN A. WEISS
JUSTIN M. SMIGELSKY


*s/ Christopher A. Seeger*
CHRISTOPHER A. SEEGER

55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  973/639-9100
cseeger@seegerweiss.com
sweiss@seegerweiss.com
jsmigelsky@seegerweiss.com

*Liaison Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
MARY K. BLASY
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
srudman@rgrdlaw.com
mblasy@rgrdlaw.com

- 5 -

4921-7981-3721.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

COHEN MILSTEIN SELLERS
  & TOLL PLLC
CAROL V. GILDEN
200 S. Wacker Drive, Suite 2375
Chicago, IL  60606
Telephone: 312/357-0370
cgilden@cohenmilstein.com

COHEN MILSTEIN SELLERS
  & TOLL PLLC
S. DOUGLAS BUNCH
1100 New York Avenue, N.W., Suite 800
Washington, DC  20005-3964
Telephone:  202/408-4600
dbunch@cohenmilstein.com

*Proposed Lead Counsel for Proposed
Lead Plaintiff*

- 6 -

4921-7981-3721.v1

## CERTIFICATE OF SERVICE

I, Christopher A. Seeger, hereby certify that on August 4, 2025, I authorized electronic filing of the foregoing Response in Further Support of Lead Plaintiff Motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

s/ *Christopher A. Seeger*
CHRISTOPHER A. SEEGER

4921-7981-3721.v1